UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

| | |
|---|---|
| RUDY LOPEZ, on behalf of himself and all others similarly situated, : : : | |
| Plaintiff, : : | Case No. 3:21-cv-61 |
| v. : : | Judge Thomas M. Rose |
| SILFEX, INC., : : | |
| Defendant. : | |

**ENTRY AND ORDER GRANTING CONDITIONAL CERTIFICATION AND APPROVING REVISED SETTLEMENT DOCUMENTS PROPOSED IN DOC. NO. 19**

This matter is before the Court on the parties' Joint Motion for Certification and Revised Motion for Approval of Settlement (Doc. No. 19) (the "Motion"). Plaintiff, Rudy Lopez ("Named Plaintiff"), filed this action as a collective action alleging violations of the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* ("FLSA"), as well as a class action alleging violations of the Ohio Minimum Fair Wage Standards Act, Ohio Rev. Code § 4111.03 ("OMFWSA"). (*See* Doc. No. 1.) In the Motion, the parties ask the Court to approve the proposed FLSA opt-in settlement and procedures reached by the parties and reflected in Doc. No. 19-1 (a revised Class Settlement Agreement and Release), Doc. No. 19-2 (a revised Settlement Agreement and General Release [regarding Named Plaintiff]), and Doc. No. 19-3 (a revised Notice of Settlement of Lawsuit, with consent and release form).

On December 3, 2021, the Court entered an order (Doc. No. 18) (the "December 3 Order") that provides additional background regarding this matter and identified some defects in the

1

settlement documents and procedures originally proposed by the parties for resolving this matter. The documents submitted with the present Motion address those defects.

I. **ANALYSIS**

The parties have resolved the Court's concerns expressed in the December 3 Order. The revised notice and consent form (Doc. No. 19-3) is acceptable. For the reasons set forth in the December 3 Order (*see* Doc. No. 18 at PageID 149-50), the Court finds that the Eligible Settlement Participants are similarly situated and grants conditional collective action certification for the purpose of sending notice to apprise the Eligible Settlement Participants of the pendency of this action, the settlement, and their rights to participate.

Next, as previously determined in the December 3 Order (*see* Doc. No. 19 at PageID 138-39), the Court finds that this case reflects a bona fide dispute between the parties over potential liability under FLSA, including whether a two-year or three-year statute of limitation applies, whether liquidated damages can be recovered, and whether certain bonuses were required to be included for purposes of calculating overtime compensation. In short, a bona fide dispute exists.

The Court also previously determined in the December 3 Order that the proposed settlement was fair and reasonable apart from the procedures to effectuate it, the proposed service payment (as to which the Court made no findings at the time), and the proposed attorneys' fees (as to which the Court made no findings at the time). (Doc. No. 18 at PageID 139-55.) The issues with the procedures to effectuate the proposed settlement have now been resolved apart from one minor item that the Court directs the parties to correct: the Settlement Agreement and General Release between Silfex and Named Plaintiff (Doc. No. 19-2) still contains a confidentiality provision; the first written paragraph of ¶ 6 in the agreement (Doc. No. 19-2 at PageID 196) should be deleted and the parties may wish to make corresponding revisions to portions of the second

written paragraph of ¶ 6. The Court's earlier concern regarding dismissing the case before the prospective opt-in plaintiffs are provided adequate notice and have a reasonable opportunity to opt-in (*see* Doc. No. 18 at PageID 152-55) has been remedied.

The Court preliminarily approves the requested service award of $3,500 to Named Plaintiff for his services in serving as the named plaintiff and assisting counsel with prosecuting and resolving this matter (*see* Doc. No. 19 at PageID 179-81). *Athan v. U.S. Steel Corp.*, 523 F. Supp. 3d 960, 966 (E.D. Mich. 2021); *Crawford v. Lexington-Fayette Urban Cnty. Gov't*, No. CV 06-299-JBC, 2008 WL 4724499, at *10 (E.D. Ky. Oct. 23, 2008); *O'Bryant v. ABC Phones of North Carolina, Inc.*, No. 19-cv-2378, 2020 WL 7634780, at *16 (W.D. Tenn. Dec. 22, 2020).

The Court also preliminarily determines that the requested award of attorneys' fees and costs is reasonable (*see* Doc. No. 19 at PageID 173-79). 29 U.S.C. § 216(b). As explained in the December 3 Order, under 29 U.S.C. § 216(b), a prevailing plaintiff must be awarded attorney's fees, "but the amount of the award is within the discretion of the judge." *Fegley v. Higgins*, 19 F.3d 1126, 1134 (6th Cir. 1994). The Sixth Circuit has instructed that "[t]he purpose of the FLSA attorney fees provision is to insure effective access to the judicial process by providing attorney fees for prevailing plaintiffs with wage and hour grievances," and that "[c]ourts should not place an undue emphasis on the amount of the plaintiff's recovery because an award of attorney fees [in FLSA cases] encourages the vindication of congressionally identified policies and rights." *Id.* at 1134-35 (internal quotation marks omitted).

Here, the Motion "requests that the Court use the percentage method and award one-third of the settlement fund in attorneys' fees" and argues that doing so is reasonable "particularly in light of the fact that Plaintiffs are receiving a very high recovery of 163% of their overtime damages and liquidated damages, after deduction of the one-third attorneys' fees and costs." (Doc.

No. 19 at PageID 177.) The Motion and its attached declarations of counsel (Doc. Nos. 19-5 and 19-6) articulate work conducted by the attorneys in this case, indicate that Plaintiff's attorneys undertook representation on a contingent-fee basis, show that counsel has significant experience in these types of cases, and explain that the litigation expenses incurred are less than $3,500 and include the mediator's fees for a full-day of mediation (that ultimately led to the proposed settlement). Having considered this information, the fees appear reasonable based on their percentage of the settlement amount. *Carr v. Bob Evans Farms, Inc.*, No. 1:17-cv-1875, 2018 WL 7508650, at *4 (N.D. Ohio July 27, 2018) (finding that the percentage-of-the-fund method supported an attorneys' fees award constituting one-third of the fund; explaining that, "[i]n FLSA collective actions in Ohio, courts have almost uniformly awarded attorney's fees that constituted one-third of the fund"); *Brandenburg v. Cousin Vinny's Pizza, LLC*, No. 3:16-cv-516, 2019 WL 6310376, at *5-7 (S.D. Ohio Nov. 25, 2019) (approving request for reimbursement of reasonable out-of-pocket expenses and costs incurred by counsel (including mediation costs), as well as an award of one-third of the settlement fund as a fee award; explaining that "an award of one-third of the settlement fund as a fee award" is "a normal fee amount in a wage and hour case").

In sum, the Court finds that the settlement is fair and reasonable.

## II.   CONCLUSION

For the reasons stated above, the Court finds that the parties' proposed settlement reflects a fair and reasonable resolution of a bona fide dispute, and the parties may proceed with the procedures set forth in the settlement documents submitted with the Motion. The Court **DIRECTS** the parties to proceed with notice and opt-in as outlined in the submitted proposed settlement documents, after making the one change set forth above to the Settlement Agreement and General Release between Silfex and Named Plaintiff (Doc. No. 19-2). The Court also **DIRECTS** counsel

for Plaintiff to file any consent forms executed by prospective opt-in plaintiffs. After expiration of the 60-day period in the notices to all of the Eligible Settlement Participants (*see* Doc. No. 19-3 at PageID 201), and after filing all executed consent forms, counsel should file a motion for final approval of the settlement, service award, and award of attorneys' fees and costs (and, if appropriate, to dismiss the case). Finally, the parties are **ORDERED** to file a written status report on or before June 6, 2022.

      **DONE** and **ORDERED** in Dayton, Ohio, this Friday, March 4, 2022.

                                                    s/Thomas M. Rose
                                        _____
                                                THOMAS M. ROSE
                                      UNITED STATES DISTRICT JUDGE