IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

| | |
|---|---|
| **RUDY LOPEZ, on behalf of himself and others similarly situated,** ) ) ) | Case No. 3:21-cv-00061-TMR |
| Plaintiff, ) ) | Judge Thomas M. Rose |
| vs. ) ) | |
| **SILFEX, INC.,** ) ) ) | **JOINT MOTION FOR FINAL APPROVAL OF FLSA SETTLEMENT** |
| Defendant. ) ) | |

Named Plaintiff Rudy Lopez ("Representative Plaintiff") and Silfex, Inc. ("Defendant") (collectively, the "Parties") respectfully request that this Court grant final approval of the settlement reached in this case. The proposed settlement will resolve bona fide disputes involving overtime compensation claims under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201-219, as well as Ohio wage-and-hour statutes.

Notice of the proposed settlement in this case has been sent to the Eligible Settlement Participants (as defined in the Class Settlement Agreement and Release) and this settlement is ripe for final approval. Therefore, the Parties respectfully request that the Court enter an Order:

1. Granting final approval of the Parties' settlement pursuant to the Fair Labor Standards Act ("FLSA") as reflected in the Class Settlement Agreement and Release (ECF No. 19-1);

2. Granting final approval of a payment to Class Counsel $111,666.67 in attorney's fees (representing one-third of the Global Settlement Fund) and $3,391.92 in litigation expenses;

3. Granting final approval of a Service Award to Representative Plaintiff in the amount of $3,500; and

4. Dismissing this case with prejudice.

A proposed Order and Judgment Entry is attached as **Exhibit 1**. The reasons for this Motion are outlined below described more fully in the Parties' Joint Moton for Certification and Revised Motion for Approval of Settlement (ECF No. 19).

## I. PROCEDURAL HISTORY

On February 23, 2021, Representative Plaintiff Rudy Lopez filed this Action as a collective action under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201-219, and alleged that Defendant unlawfully failed to include the shift differentials/premiums and bonuses paid to Plaintiff and other similarly situated manufacturing employees in their regular rate of pay for purposes of calculating their overtime compensation, in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201-219, as well as a "class action" pursuant to Fed. R. Civ. P. 23 to remedy violations of the Ohio Minimum Fair Wage Standards Act ("OMFWSA"), R.C. 4111.03 (ECF No. 1.). Defendant denies the allegations and maintains that Representative Plaintiff and the individuals she purports to represent were properly compensated at all times. (ECF. No. 11.)

Between April 2021 and September 2021, the Parties engaged in an informal yet comprehensive exchange of information regarding Plaintiff's claims and Defendant's defenses to such claims. (Christy Declaration, ¶ 18) (ECF No. 19-5). This included the calculations of Plaintiff's, the Existing Opt-In Party Plaintiff's, and the Eligible Settlement Participants' alleged overtime damages. (*ld.*).

The Parties engaged in extensive legal discussion and correspondence, which included numerous and lengthy discussions and written communications. (*Id*. at ¶ 19.). Between June 24, 2021 and September 16, 2021, the Parties engaged in extensive settlement negotiations. (*Id*. at ¶ 20.). On September 16, 2021, the Parties attended a full day of mediation with mediator and former Cuyahoga County Judge Peggy Foley Jones, and reached an agreement to settle the Action

on the terms set forth in the Agreement attached as Exhibit A. (*Id.*). The Parties reached the proposed settlement in this matter after extensive research, legal debates, discussions, and correspondence, and after good faith bargaining with the assistance of a well-respected and regarded mediator who is familiar with wage-and-hour laws. (*Id.*).

On March 4, 2022, this Court entered an Order granting conditional certification and approving the Parties' settlement agreement. (ECF No. 20). In its March 4 Order, the Court found:

- That the Eligible Settlement Participants are similarly situated for purposes of conditionally certifying the collective for settlement purposes;

- That this case reflects a bona fide dispute between the Parties regarding Plaintiffs' claims;

- That the proposed settlement was "fair and reasonable";

- The proposed attorneys' fees and litigation expenses were reasonable; and

- The proposed service payment was preliminarily approved.

(ECF No. 20, p. 3).

That Order also requested that the Parties file all executed consent forms following the expiration of the notice period and file a Motion for Final Approval. (*Id.*, pp. 4-5).

The Parties engaged Simpluris, Inc. as the Settlement Administrator. Simpluris was provided with a list that contained the names and last-known mailing addresses of the Eligible Settlement Participants. (*See* Declaration of Amy Lechner attached as Exhibit 2, at ¶ 3). On April 19, 2022, Simpluris mailed by first-class mail the Court-approved "Notice of Settlement of Lawsuit and Consent to Join" to the Eligible Settlement Participants. (*Id.* at ¶ 6). A total of 19 notices were returned as undeliverable. Simpluris was able to trace and re-mail notices to 15 of those Eligible Settlement Participants. (*Id.* at ¶ 7).

The Notice gave Class Members until June 18, 2022, to return their Consent to Join form and participate in the settlement. All returned consent forms have been filed with the Court. Having completed the notice process, the Parties now move this Court for final approval of the settlement.

II.     **LAW AND ANALYSIS**

    A.     **The Standard for Approval of a Collective Action Settlement.**

As explained in the Parties' Joint Motion for Certification and Revised Motion for Approval of Settlement, the proposed settlement is subject to Court approval pursuant to § 216(b) of the FLSA. (ECF No. 19, pp. 7-12). The Sixth Circuit uses seven factors to evaluate class action settlements, and the *Crawford* court applied those factors in assessing the fairness of an FLSA settlement:

> (1) the risk of fraud or collusion; (2) the complexity, expense and likely duration of the litigation; (3) the amount of discovery engaged in by the parties; (4) the likelihood of success on the merits; (5) the opinions of class counsel and class representatives; (6) the reaction of absent class members; and (7) the public interest.

*UAW v. General Motors Corp.,* 497 F.3d 615, 626 (6th Cir. 2007) (citing *Granada Invs., Inc. v. DWG Corp.,* 962 F.2d 1203, 1205 (6th Cir.1992); *Williams v. Vukovich,* 720 F.2d 909, 922-23 (6th Cir.1983)), *quoted in Crawford*, 2008 WL 4724499 at *3. After the seven-factor review, the Court should ensure that the distribution of the settlement proceeds is equitable. *Crawford v. Lexington-Fayette Urban County Government*, 2008 WL 4724499 (E.D. Ky. Oct. 23, 2008) (citing *Ortiz v. Fibreboard Corp.,* 527 U.S. 815, 855 (1999).

As explained in great detail in the Parties' Joint Motion for Certification and Revised Motion for Approval of Settlement, the standard supports approval of the settlement in this case. (ECF No. 19, pp. 7-14).

4

**B.    The Standard for Approval of a Collective Action Settlement Has Been Met.**

1.    <u>The Seven Factor Standard Is Met</u>.

First, the Parties' counsel each have extensive experience litigating claims under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201-219, including claims for unpaid hours worked. The Agreement was achieved only after arms-length and good faith negotiations between the Parties, with the assistance of a qualified and well-respected mediator and former Judge. As such, there is no indicia of fraud or collusion.

Second, the policy favoring the settlement of class actions and other complex cases applies with particular force here. If forced to litigate this case further, the Parties would certainly engage in complex, costly and protracted wrangling. The settlement, on the other hand, provides substantial relief to the Eligible Settlement Participants promptly and efficiently, and amplifies the benefits of that relief through the economies of collective resolution.

Third, the Parties engaged in substantial investigation prior to negotiating the Settlement Agreement. Relevant information was exchanged including a complete analysis of each Eligible Settlement Participant's alleged overtime damages with respect to the claims alleged in the lawsuit. (Christy Declaration, ¶¶ 18, 29, 31, 33, 35)(ECF No. 19-5). Class Counsel obtained and reviewed detailed payroll records for the Eligible Settlement Participants, and the legal issues in the case were thoroughly researched by counsel for the Parties. (*Id.*). In addition, Class Counsel obtained investigation notes from Representative Plaintiff and numerous other employees who are members of the proposed settlement class, and the legal issues in the case were thoroughly researched by counsel for the Parties. (*Id*. at ¶22). All aspects of the dispute are well-understood, and were vehemently argued, by both sides. (*Id*. at ¶¶ 18-24, 31-36, 45-47).

Fourth, given the factual and legal complexity of this matter, it is difficult to assess Plaintiffs' likelihood of success at trial. Plaintiffs' claims are based on disputed issues of fact and law and Plaintiffs' success at trial is far from guaranteed. In sum, although Plaintiffs assert that the claims are meritorious, the action certainly is not without risk. This factor thus weighs in favor of approval.

Fifth, Plaintiffs' range of possible recovery is also open to dispute. Even if Plaintiffs succeed on the merits of their claims, the amount of recovery is uncertain and something upon which the Parties continue to disagree. The endorsement of experienced class counsel "is entitled to significant weight, and supports the fairness of the class settlement." *UAW v. Ford Motor Co.*, No. 07-CV-14845, 2008 WL 4104329, at *26 (E.D. Mich. Aug. 29, 2008). Here, Class Counsel believes the settlement is fair, reasonable, and adequate. Class Counsel has extensive experience in wage-and-hour class and collective actions, has acted in good faith, and has vigorously represented their clients in negotiating the settlement. Representative Plaintiff has been fully informed and involved in the settlement process and agrees to the Agreement. *Thacker v. Chesapeake Appalachia, L.L.C.*, 695 F. Supp. 2d 521, 533 (E.D. Ky. 2010), *aff'd sub nom*. *Poplar Creek Dev. Co. v. Chesapeake Appalachia, L.L.C.*, 636 F.3d 235 (6th Cir. 2011).

Sixth, there have been no objections to the settlement by Eligible Settlement Participants.

Seventh, "the law generally favors and encourages the settlement of class actions." *Franks v. Kroger Co.*, 649 F.2d 1216, 1224 (6th Cir. 1981). The settlement ends complex litigation and provides substantial relief to Eligible Settlement Participants.

2. <u>The Distribution of Settlement Proceeds Is Equitable</u>.

All components of the proposed distribution are proper and reasonable, and the settlement as a whole is fair, reasonable and adequate for the Eligible Settlement Participants. As explained

in greater detail in the Parties' Joint Motion for Certification and Revised Motion for Approval of Settlement, the settlement provided the Eligible Settlement Participants with the ability to claim a settlement payment equal to 163% of their alleged unpaid overtime. (ECF No. 19, pp. 12-14). Thus, the distribution of the settlement proceeds is not just equitable, it is exceptional.

      **C.    The Court Should Approve the Payment of Attorneys' Fees and Costs to Class Counsel.**

For the reasons set forth in the Joint Motion for Certification and Revised Motion for Approval of Settlement, the Court should also grant final approval of the award of attorneys' fees to Plaintiffs' Counsel in the amount of $111,666.67, representing one-third of the settlement fund. (ECF No. 19, pp. 14-20). As explained in the Joint Motion for Certification and Revised Motion for Approval of Settlement, "[i]n FLSA collective actions in Ohio, courts have almost uniformly awarded attorney's fees that constituted one-third of the fund." *Carr v. Bob Evans Farms, Inc.*, No. 1:17-CV-1875, 2018 WL 7508650, at *4 (N.D. Ohio July 27, 2018); *Brandenburg v. Cousin Vinny's Pizza, LLC,* No. 3:16-CV-516, 2019 WL 6310376, at *5 (S.D. Ohio Nov. 25, 2019) (one-third of the fund "is a normal fee amount in a wage and hour case."). The Ohio practice is in accord with the practice throughout the Sixth Circuit and nationwide.[1]

---

[1] *See also Osman, et al. v. Grube, Inc., et al.* 2018 WL 2095172, at *5 (N.D. Ohio May 4, 2018) (awarding one-third of the fund); *Rotuna v. W. Customer Mgmt. Grp., LLC*, No. 4:09CV1608, 2010 WL 2490989, at *3 (N.D. Ohio June 15, 2010); *Dillworth v. Case Farms Processing, Inc.*, No. 5:08-CV-1694, 2010 WL 776933, at *1 (N.D. Ohio Mar. 8, 2010) (approving one-third of fund where there was a recovery constituting one-third of claimed unpaid wages; litigation risks and significant work expended; and a contingency arrangement); *Kritzer v. Safelite Sols.*, LLC, 2012 WL 1945144, at *9 (S.D. Ohio May 30, 2012) (awarding 52 percent of maximum settlement fund to counsel in wage and hour case); *Swigart v. Fifth Third Bank*, No. 1:11-CV-88, 2014 WL 3447947, at *6 (S.D. Ohio July 11, 2014) (awarding 33 percent of $4 million settlement fund in wage and hour case); *Moore v. Aerotek, Inc.*, 2017 WL 2838148, at *6 (S.D. Ohio June 30, 2017), report and recommendation adopted, No. 2017 WL 3142403 (S.D. Ohio July 25, 2017) ("Fee awards in common fund cases generally are calculated as a percentage of the fund created, with the percentages awarded typically ranging from 20 to 50 percent of the common fund created.");

This conclusion was recently reiterated in *Harsh v. Kalida Mfg.*, No. 3:18-cv-2239, 2021 U.S. Dist. LEXIS 175869, at *20 (N.D. Ohio Sep. 13, 2021). In *Harsh*, the Court held that while a Court can utilize either the percentage-of-the-fund or the Lodestar approach to determine whether an award of attorneys' fees is reasonable, the percentage-of-the-fund approach is more appropriate in class and collective actions, as it "rewards counsel for success and penalizes it for failure." *Id.* at *19-20. The Court further noted that the Lodestar method was more appropriate in wage and hour cases that "involve relatively small claims and therefore small amounts of damages in question," because "counsel for employees will inevitably be required to expend substantial resources and time, sometimes accruing fees several times greater than the value of damages in the case." *Id.* at *20. In contrast, in cases involving a common settlement fund the Court found that it "sees no compelling reason, let alone any reason, to deviate from" a request for one-third of the fund. *Id.*

Accordingly, Class Counsel respectfully requests that the Court find that attorneys' fees in the amount of one-third of the settlement fund is reasonable in this case. Class Counsel also requests that the Court approve reimbursement of $3,391.92 in litigation expenses, as these were incurred in the prosecution of claims and in obtaining settlement. *See, e.g., Harsh*, 2021 U.S. Dist. LEXIS 175869 at *23 ("Under the common fund doctrine, Class Counsel is entitled to reimbursement of all reasonable out-of-pocket expenses and costs incurred in the prosecution of claims and in obtaining settlement").

---

*Kimber Baldwin Designs, LLC v. Silv Commc'ns, Inc.,* No. 1:16-CV-448, 2017 WL 5247538, at *5-6 (S.D. Ohio Nov. 13, 2017) (awarding one-third of $450,000 fund).

8

    **D.**    **The Court Should Approve a Service Award for Representative Plaintiff**

Finally, the Parties request that the Court approve a payment of $3,500 to Named Plaintiff. Service awards are meant to "compensate named plaintiffs for the services they provided and the risks they incurred during the course of the class action litigation." *Dillworth v. Case Farms Processing, Inc.*, No. 5:08-cv-1694, 2010 U.S. Dist. LEXIS 20446, at *17 (N.D. Ohio Mar. 8, 2010). Named Plaintiff contributed significant time, effort, and detailed factual information enabling Class Counsel to evaluate the strength of this case, and reach a settlement of this matter that, in Counsel's opinion, fairly and adequately compensates the class for alleged unpaid wages. As such, the time and efforts Named Plaintiff provided supports the requested service payments.

**III.**    **CONCLUSION**

For the foregoing reasons, the Parties respectfully request that this Court enter the Proposed Order, attached as **Exhibit 1.**

Respectfully submitted,

| | |
|---|---|
| /s/ Shannon M. Draher | /s/ Jason W. Hilliard (with permission) |
| Shannon M. Draher (0074304) | Jason W. Hilliard, Esq. (#0082688) |
| Hans A. Nilges (0076017) | Lindsey N. Boyd, Esq. (#0099076) |
| 7034 Braucher St NW, Suite B | DINSMORE & SHOHL LLP |
| North Canton, OH 44720 | 255 East Fifth Street, Suite 1900 |
| Phone: 330-470-4428 | Cincinnati, Ohio 45202 |
| Facsimile: 330-754-1430 | Phone: (513) 977-8200 |
| sdraher@ohlaborlaw.com | Fax: (513) 977-8141 |
| hans@ohlaborlaw.com | Jason.hilliard@dinsmore.com |
| | allison.goico@dinsmore.com |
| | |
| | *Attorneys for Defendant* |

9

Chastity L. Christy (0076977)
Anthony J. Lazzaro (0077962)
Lori M. Griffin (0085241)
The Lazzaro Law Firm, LLC
The Heritage Building, Suite 250
34555 Chagrin Boulevard
Moreland Hills, Ohio 44022
Phone: 216-696-5000
Facsimile: 216-696-7005
chastity@lazzarolawfirm.com
anthony@lazzarolawfirm.com
lori@lazzarolawfirm.com

*Attorneys for Plaintiff*

## CERTIFICATE OF SERVICE

I hereby certify that on June 29, 2022, a copy of the foregoing was filed electronically. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access the filing through the Court's system.

  /s/ Shannon M. Draher

*One of the Attorneys for Plaintiff*